## Appeal of David Frey, Re Estate of Sarah Frey, Deceased.

The power of the orphans' court to set aside a sale of real estate, made in pursuance of its own order, rests within the sound discretion of the court; and its exercise, as a general rule, will not be reviewed unless the record shows palpable and gross abuse.

(Decided February 28, 1887.)

Appeal from a decree of the Orphans' Court of Lehigh County dismissing exceptions and confirming an administrator's sale of land for the payment of debts. Affirmed.

From the record and the depositions the following facts appeared:

Sarah Frey died October 25, 1884, leaving to survive her David Frey, her husband, H. W. Hunsicker, James F. Hunsicker, F. P. Hunsicker, Owen Hunsicker, and Mary, intermarried with George J. Koch, children begotten with a former husband, and Oscar J. Frey, a child begotten with David Frey. She died seised of a small tract of land. The inventory of her personalty amounted to $21.50. Her debts were two mortgages to Tilghman Mertz, each of $1,000, aggregating with interest about $2,200, the funeral expenses, administration expenses, and other debts amounting to about $500. On January 30, 1885, letters of administration were issued to David Frey, who assumed the office of administrator, filed his bond and entered upon his duties.

April 13, 1885, an order for the sale of the real estate was issued to him. In pursuance of it, he advertised the property for sale on August 1, 1885.

About the time of the sale it was rumored in the neighborhood that besides the liens of the two mortgages in favor of Tilghman Mertz, each of $1,000, there was also a lien of $700 in favor of the heirs of Owen Hunsicker, a former husband of the deceased, and it was alleged that in consequence of this re-

NOTE.—The decisions are uniform in holding that the setting aside of an orphans' court sale is discretionary. Bowers's Appeal, 84 Pa. 311; William's Estate, 140 Pa. 187, 21 Atl. 242; Herr's Estate, 2 Pa. Dist. R. 737. No reversal can be had except in case of abuse. Dean's Appeal, 87 Pa. 24.

port persons who had intended to bid on the property were deterred from so doing. Israel Sensinger was one of this number.

The Hunsickers, by George J. Koch, a brother-in-law and their agent, bid $2,600. More could not be obtained, and after a long trial to obtain more, and after much consultation and, as was alleged, upon the promise of the Hunsicker heirs that they would pay all the debts of Sarah Frey, funeral expenses included, David Frey, the administrator, consented to strike down the property to them, and made his return accordingly.

The Hunsicker heirs, however, refused to pay or give their promise in writing to pay the debts of the deceased. Thereupon exceptions setting up inadequacy of price and the failure of the Hunsicker heirs to comply with their alleged agreement were filed, a rule to take depositions was entered, depositions were taken and a bond, signed and sealed by Elias Frey and Reuben Semmel, to bid $3,000 at a resale of the property, was offered to be filed.

Upon the question of the value of the property the testimony was conflicting, two of the witnesses testifying that $2,600, the price for which it was sold, was a full, fair, and adequate price for the same, while the others fix the value at about $3,000.

After the sale and before exceptions were filed thereto, the purchaser, in pursuance of an agreement with the administrator, the appellant, expended money and made improvements upon the property.

The court below, ALBRIGHT, P. J., dismissed the exceptions and confirmed the sale, and this was assigned as error

*Edwin H. Stine* and *E. S. Schwartz,* for appellant.—The court may grant relief by setting aside the sale where the purchaser has bought under the erroneous belief that the lien of a mortgage was discharged by the sale. Cummings's Appeal, 23 Pa. 509.

Or if a purchaser has bid under a misapprehension of his rights, the sale may be set aside on terms. Wait's Estate, 3 Luzerne Legal Obs. 390; Feury v. McLane, 5 Luzerne Legal Reg. 257.

If the purchaser be seriously misled as to the amount of encumbrances by the misrepresentations of the sheriff, he will be relieved, but at the expense of the sale. Finley v. McCulley, 2 Phila. 212.

Orphans' court sales depend upon the approval and confirmation of the court, for their validity. Demmy's Appeal, 43 Pa. 168.

Until the sale is confirmed, the heirs may seek for purchasers who will give more, and may ask the court to open the biddings and offer the property at auction again, and the court may order a resale. The administrator or heirs may lawfully make an arrangement with their counsel or a stranger before return to have the sale set aside, he agreeing to give more at another sale. Hamilton's Estate, 51 Pa. 58.

It is within the discretion of the court, after having decreed a private sale, under the act of 1853, to open the decree and receive a more favorable proposition for the estate, before proceedings under the order have been consummated. Brown's Appeal, 68 Pa. 53.

The orphans' court may set aside a sale of real estate for mere inadequacy of price; but the inadequacy must be a material one, existing at the time of sale, and the application must be promptly made. Breese's Estate, 2 Kulp, 64.

A sale by a master in chancery will be set aside if a higher price be offered; until confirmation the bid is merely deemed an offer to purchase, subject to the approval of the court. Baptist Church v. Bailee, 29 Pittsb. L. J. 20.

Gross inadequacy of price, if accompanied by other matter of equity, is ground for setting aside a sale. Twells v. Conrad, 2 W. N. C. 30. See also Whitaker v. Birkey, 2 W. N. C. 476.

In Haslage's Appeal, 37 Pa. 440, the supreme court has said that "an appeal taken hereafter on such grounds will not be entertained without a special *allocatur*."

That, however, was a case purely of inadequacy of price. Besides, the supreme court has since entertained the matter brought up in Hamilton's Estate, 51 Pa. 58, and Brown's Appeal, 68 Pa. 53, and probably other matters, on almost the same grounds.

The act of June 16, 1836, § 1, gives this court authority to review "all and all manner of pleas, complaints and causes which shall be brought or removed there from any other court of this commonwealth, by virtue of any writ or process issued by the said court or any judge thereof, . . . and correct all and all manner of errors" in their proceedings.

*John Rupp,* for George Koch, appellee.—This appeal was en-

tered without a special *allocatur,* and therefore should be quashed.    Haslage's Appeal, 37 Pa. 440.

The power of the orphans' court to set aside a sale of real estate, made in pursuance of its own order, rests within the sound discretion of the court, and its exercise as a general rule will not be reviewed unless the record shows palpable and gross abuse. Bowers's Appeal, 84 Pa. 311; Haslage's Appeal, 37 Pa. 440; Neeld's Appeal, 70 Pa. 113; Helfenstein v. Leonard, 50 Pa. 461.

PER CURIAM:

This case shows no such abuse of the equitable powers of the court as to call for a reversal.    No such palpable error is shown as to induce us to overrule the exercise of the sound discretion of the court.

Decree affirmed and appeal dismissed, at the costs of the appellant.